UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEROME ROBERT MCMURRAY, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-01237-JMS-MKK |
| SEVERE Mr., Warden, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Jerome McMurray asserts numerous violations of his rights as an inmate at New Castle Correctional Facility. Because he is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. McMurray seeks $9 billion in damages, plus injunctive relief. He identifies four defendants in the caption but names additional wrongdoers in the body of the complaint.

Generally, the Court is obligated to accept Mr. McMurray's allegations as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Many of Mr. McMurray's allegations, though, "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 604 U.S. 25, 32–33 (1992), or are outright unintelligible. A sampling includes:

- The warden, a correctional officer, and a nurse violated Mr. McMurray's rights by allowing or requiring correctional officers to attend his mental health appointments. Dkt. 1 at 2.

- "There are Jewish and German spy agencies operating in this prison." *Id.*

- Lieutenant Stevens operates "a drug ring that results in kids being killed every day in Indiana." *Id.*

- "The Kentucky Hive and the KKK" interfere with inmates' mail and access to the courts. *Id.*

- Inmates are subjected to forced drug injections (which has caused collapsed veins). *Id.*

- Correctional officers rape and sexually assault other staff members. *Id.* at 3.

- The World Health Organization sanctions illegal medical experiments, forced inoculations, "microsurgeries," and illegal, involuntary "(alien) space technology surgeries." *Id.*

- "For years," Mr. McMurray "has been waking up with cuts, bruises, scars, aches, and pains with absolutely no memory of how they occurred." *Id.*
- There is a cloning operation taking place in the basement. *Id.*
- He is only allowed to be outdoors one hour per week. *Id.*
- He receives only two hot meals per day. *Id.*

### III. Discussion of Claims

Mr. McMurray's complaint may not proceed in its current form for multiple reasons.

First, Mr. McMurray sues over prison conditions that he does not describe as personally injuring him, like the spy and cloning operations and Lieutenant Stevens' drug ring. "The party invoking federal jurisdiction must establish the elements of standing: (1) that she suffered an injury in fact, (2) that the injury is causally connected to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable judicial decision." *Grashoff v. Payne*, 478 F. Supp. 3d 735, 740 (N.D. Ind. 2020), *aff'd sub nom. Grashoff v. Adams*, 65 F.4th 910 (7th Cir. 2023). Mr. McMurray does not have standing to bring some of the claims he presents in the complaint.

Second, "a court may dismiss a claim as factually frivolous . . . when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 604 U.S. at 32–33. Many of Mr. McMurray's claims are factually frivolous, such as those based on allegations of spy or cloning operations.

Third, it is not clear which defendants Mr. McMurray wishes to sue for which wrongful acts. Because there is no apparent relationship between some of Mr. McMurray's allegations (*e.g.*, the adequacy of his meals and the supervision of mental health appointments), the Court cannot determine whether claims can be properly joined under Rule 20 without a more explicit statement of which defendants are responsible for which claims. Courts do not allow an inmate to treat a

single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies."). More basically, a complaint must describe the plaintiff's claims "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601 (7th Cir. 2016). Mr. McMurray's complaint does not provide the defendants with fair notice of what he claims they are responsible for doing.

## IV. Conclusion

Mr. McMurray's complaint is **dismissed** for the reasons noted in Part III. He will have **through September 20, 2024**, to file an amended complaint that resolves the deficiencies noted above. It must be labeled with the title "amended complaint" and the case number for this action. Mr. McMurray must include a separate section for each claim he wishes to pursue. Each section must:

- identify the claim being pursued;
- list each defendant sued under that claim;
- concisely state the factual basis for the claim; and
- state plainly how each defendant was personally responsible for or involved in the violation alleged.

Mr. McMurray will also have **through September 20, 2024**, to either pay the $405.00 filing fee for this action or demonstrate that he lacks the financial ability to do so by filing a motion for leave to proceed without the prepayment of the filing fee (*in forma pauperis*). The **clerk is directed** to include a form motion for leave to proceed *in forma pauperis*. If Mr. McMurray seeks

leave to proceed without prepaying the filing fee, his motion must be accompanied by a copy of the transactions associated his institution trust account for the six−month period preceding the filing of this action on July 23, 2024. 28 U.S.C. § 1915(a).

If Mr. McMurray fails to act in the time provided, this action may be dismissed without further warning or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 8/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEROME ROBERT MCMURRAY, II
193848
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362